IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVACLOUD LICENSING LLC,

Plaintiff,

v.

COX COMMUNICATIONS, INC.,

Defendant.

Case No.

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff NovaCloud Licensing LLC ("NovaCloud") alleges as follows against Defendant Cox Communications, Inc. ("Cox"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents, which relate to certain aspects of cloud computing management, information security, database storage, and advertising management: U.S. Patent No. 8,145,721 (the "'721 Patent"); U.S. Patent No. 8,949,206 (the "'206 Patent"); and U.S. Reissue Patent No. RE47,612 (the "RE'612 Patent") (collectively the "Asserted Patents"). NovaCloud owns each of the Asserted Patents and holds all enforcement rights. NovaCloud also has the right to recover all damages for past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

2. Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 228 Hamilton Avenue, 3rd Floor, Palo Alto, CA 94301.

1

3.      NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery. [1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

4.      Plaintiff is the owner of U.S. Patent No. 8,145,721 (the "'721 Patent"), titled "Bit streams combination of downloaded multimedia files," which issued on March 27, 2012. A copy of the '721 Patent is attached to this Complaint as Exhibit 1.

5.      Plaintiff is the owner of U.S. Patent No. 8,949,206 (the "'206 Patent"), titled "System and method for creating multiple versions of a descriptor file," which issued on February 3, 2015. A copy of the '206 Patent is attached to this Complaint as Exhibit 2.

6.      Plaintiff is the owner of U.S. Reissue Patent No. RE47,612 (the "RE'612 Patent"), titled "Adaptive ads with advertising markers," which reissued on September 17, 2019. A copy of the RE'612 Patent is attached to this Complaint as Exhibit 3.

7.      On information and belief, Cox Communications is a privately-owned subsidiary of Cox Enterprises Inc. and is a Delaware Corporation with a principal place of business at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

8.      NovaCloud first contacted Cox in March of 2025 identifying its patent portfolio and the subject matter thereto and inviting Cox to discuss licensing the portfolio. NovaCloud followed up in April and began initial discussions in May and June. But Cox ultimately rebuffed

---

[1] https://www.novacloudllc.com/#portfolio

NovaCloud's attempt to even discuss such matters, cutting off communications by September and refusing any further inquiries by NovaCloud. As such, Cox either through its own investigation knew of its infringement or by deliberately avoiding such investigation and intentionally ignoring NovaCloud's attempt to discuss the matter was willfully blind to its infringement.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

10.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over Cox in this action because Cox is incorporated under the law of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contracts with this forum such that the exercise of jurisdiction over Cox would not offend traditional notions of fair play and substantial justice. Cox, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

12.      Venue is proper in this District because Cox is incorporated under the laws of the State of Delaware.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,145,721

13.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.     On March 27, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,145,721 (the "'721 Patent") entitled "Bit streams combination of downloaded multimedia files." Ex. 1.

15.     The Accused Instrumentalities for the '721 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Cox's streaming functionality, Cox's Cox TV App, and all versions and variations thereof since the issuance of the asserted patent.

16.     NovaCloud is the owner of the '721 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

17.     The written description of the '721 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

18.     NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '721 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

19.     Defendant has directly infringed (literally and equivalently) and induced others to infringe the '721 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '721 Patent and by inducing others to infringe the claims of the '721 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '721 Patent.

20.     On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 4 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 14 of the '721 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

21.     Defendant knowingly and intentionally induces and contributes to infringement of the '721 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '721 Patent and the infringing nature of the Accused Instrumentalities since at least around March 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

22.     Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '721 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '721 Patent, thereby specifically intending for and inducing its customers to infringe the '721 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.[2]

---

[2] *See e.g.* https://www.cox.com/residential/tv.html.

23. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '721 Patent.

24. Defendant has induced, and continues to induce, infringement of the '721 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

25. NovaCloud has been damaged by Defendant's infringement of the '721 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,949,206

26. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. On February 3, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,949,206 (the "'206 Patent") entitled "System and method for creating multiple versions of a descriptor file." Ex. 2.

28. The Accused Instrumentalities for the '206 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Cox Contour, including use of Comcast DAI, and all versions and variations thereof since the issuance of the asserted patent.

29. NovaCloud is the owner of the '206 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

30. The written description of the '206 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '206 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

32. Defendant has directly infringed (literally and equivalently) and induced others to infringe the '206 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '206 Patent and by inducing others to infringe the claims of the '206 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '206 Patent.

33. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 5 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 1 of the '206 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

34. Defendant knowingly and intentionally induces and contributes to infringement of the '206 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the '206 Patent and the infringing nature of the Accused Instrumentalities since at least around March 2025 and no later than the filing and service of this

7

Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

35.    Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '206 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '206 Patent, thereby specifically intending for and inducing its customers to infringe the '206 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.[3]

36.    Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '206 Patent.

37.    Defendant has induced, and continues to induce, infringement of the '206 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

38.    NovaCloud has been damaged by Defendant's infringement of the '206 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

---

[3] *See e.g.* https://www.cox.com/residential/tv.html.

## COUNT III

### INFRINGEMENT OF U.S. REISSUE PATENT NO. RE47,612

39.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     On September 17, 2019, the United States Patent and Trademark Office issued reissue U.S. Patent No. RE47,612, titled "Adaptive Ads with Advertising Markers."  Ex. 3.

41.     The Accused Instrumentalities for the RE'612 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Cox Contour, and all versions and variations thereof since the issuance of the asserted patent.

42.     NovaCloud is the owner of the RE'612 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

43.     The written description of the RE'612 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

44.     NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the RE'612 Patent, and NovaCloud is entitled to damages for Defendant's past infringement.

45.     Defendant has directly infringed (literally and equivalently) and induced others to infringe the RE'612 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the RE'612 Patent and by inducing others to infringe the claims of the RE'612 Patent without a license or permission from NovaCloud, such

as, for example, inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the RE'612 Patent.

46.    On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 6 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe, at least, Claim 26 of the RE'612 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

47.    Defendant knowingly and intentionally induces and contributes to infringement of the RE'612 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Defendant has had knowledge of or has been willfully blind to the RE'612 Patent and the infringing nature of the Accused Instrumentalities since at least around March 2025 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

48.    Despite this knowledge, Defendant continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the RE'612 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the RE'612 Patent, thereby specifically intending for and inducing its customers to infringe the RE'612 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing

10

information, education and instructions to its customers; and indemnifying patent infringement within the United States.[4]

49.     Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the RE'612 Patent.

50.     Defendant has induced, and continues to induce, infringement of the RE'612 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

51.     NovaCloud has been damaged by Defendant's infringement of the RE'612 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendant has directly infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b.      A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

---

[4] *See e.g.* https://www.cox.com/residential/tv.html.

d.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 15, 2026

Of Counsel:

Reza Mirzaie
Marc Fenster
Adam Hoffman
Andrew Weiss
Linjun Xu
Joshua Scheufler
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rmirzaie@raklaw.com
mfenster@raklaw.com
ahoffman@raklaw.com
aweiss@raklaw.com
lxu@raklaw.com
jscheufler@raklaw.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff NovaCloud Licensing, LLC*